## Green v. Bryant.

Oct. 21, 1941.

C. R. Luker for appellant.

R. B. Johnson and William Lewis & Son for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

We decided in the case of Blankenship v. Green, 283 Ky. 700, 143 S. W. (2d) 294, that John Green, the appellant in the case now before us, was the owner of a tract of land consisting of some 125 acres, in Laurel County. That litigation began about 1932. He purchased the land from the husband of the appellee in the present action about 1909, and in 1921 he conveyed it to his niece, Effie Green. The questionable circumstances surrounding that conveyance and the deed which Green said was executed by his niece and her husband, Clyde Blankenship, to him in 1924,. but which was not acknowledged, are discussed adequately in the case of Blankenship v. Green, supra. Green claimed that he went upon the land in 1924, and either lived thereon or had a tenant on it after that date. The Blankenships contended, however, that he went upon the land in 1924 by virtue of a five year lease signed by him and his niece.

The appellee, Hazel K. Bryant, instituted this action against the Blankenships in 1937 to collect a $430 note secured by a mortgage on the tract of land involved

in the Blankenship—Green litigation. This mortgage was executed in January, 1933. Green was made a party defendant by Mrs. Bryant, because, as she alleged, he was setting up a claim to the property. Green answered, setting up his claim to the land and alleged that the mortgage was a part of a scheme entered into by Mrs. Bryant and the Blankenships to attempt to deprive him of his rights in the land. The Blankenships permitted a default judgment to be entered against them, and the case went to trial on the issues joined between Green and Mrs. Bryant. The trial resulted in a judgment in favor of Mrs. Bryant. Green is asking us to reverse that judgment.

There is testimony for the appellant to the effect that he had been in possession of the property since 1924; that the appellee and her husband, who handled the mortgage transaction for her in 1933, knew that he was in possession of it; that he had been paying the taxes on the property; that, prior to the execution of the mortgage, he told the appellee that the property was his; that the Bryants knew of the litigation then under way between himself and his niece as to the ownership of the property; and that Bryant had stayed at his house several times, that he had seen the 1924 deed signed by the Blankenships and that he had said the signatures were genuine. Mrs. Bryant advanced testimony to the effect that, when she took the mortgage in 1933, records in the clerk's office showed that the land was deeded to Effie Green Blankenship in 1921; that she had never talked with Green about the land; that she knew there was some dispute between the Blankenships and Green, but that she did not know whether it involved this particular land or other lands belonging to the parties; that the mortgage was taken in good faith; that the $430 loan to the Blankenships was used to pay a judgment in favor of Fred Hammonds against them and Green and to satisfy which an execution had been levied upon the land now under consideration; that Mrs. Bryant's husband admitted seeing Green on the property but knew nothing of the 1924 deed and had said nothing concerning it; that Green went upon the land in 1924 by virtue of the lease which he entered into with his niece; that Green had said about the time the Hammonds judgment was satisfied that he did not own any property other than an old black mare; and that the Blankenships denied executing a deed to Green in 1924.

The sharp conflict in the proof offered for Green and that offered for Mrs. Bryant is obvious from the foregoing summary thereof. Mrs. Bryant says that she believed the Blankenships were the owners of the property when she took the mortgage in 1933; that she knew nothing of the 1924 deed under which Green was claiming the property; and that she thought he was in possession of it by virtue of the lease said to have been executed in 1924. Green, on the other hand, says that Mr. Bryant knew of the 1924 deed and that both Mr. and Mrs. Bryant knew that he was occupying and claiming the property adversely to the Blankenships.

As pointed out in the case of Blankenship v. Green, supra, the finding of the chancellor will not be disturbed where the evidence to the contrary does nothing more than raise a doubt as to its correctness. With that rule in mind we are disposed to follow the chancellor in this case, who, incidentally, rendered the decision in the Blankenship case. The hands of neither the Blankenships nor Green are clean, as can be determined readily from an examination of their disputes which have come before this Court. On the other hand, a picture is presented to us under which Mrs. Bryant might well have been an innocent party. There is no convincing showing that the Blankenships did not get the $430 in 1933, and it is also significant that the Hammonds judgment against the Blankenships and Green was satisfied at about the time that loan was made. We are not disposed, therefore, to disturb the ruling of the chancellor.

Judgment affirmed.