## Engle v. Moore.

Nov. 25, 1941.

Guy L. Dickinson and Zeb A. Stewart for appellant.

Hiram H. Owens for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

Joe Moore and Martin Engle own parts of what is known as the old Martin Engle farm in Knox County. When that farm was divided more than 30 years ago, a 20-foot right of way was surveyed and reserved for the use of those owning any part of the farm. The reserved way was laid out so that it would run along the foot of the hill. There is proof, however, that there was one erroneous call in the survey which caused the road to

run across a rocky point. Some 25 or 30 years ago Martin Engle, the appellant here and defendant below, and a man by the name of Campbell, who formerly owned the tract now owned by Moore, agreed upon a passway through Engle's farm different from the one which was reserved when the old Martin Engle farm was divided. The passway agreed upon was more practical and less expensive to maintain as a roadway than the reserved one. The used passway parallels somewhat the reserved way, but lies away from it for distances ranging from 10 to 60 feet. Moore has owned his tract for several years. From time to time discussions have come up between him and Engle concerning the way.

Moore instituted this proceeding to have Engle remove certain obstructions from the way and to have him keep it open for a width of 20 feet. He alleged that he had agreed to use the way which Engle and Campbell had agreed upon and which had been in use for more than 20 years. Engle's position at the commencement of the action and during its progress up until the time he filed an amended answer and counterclaim was that he was willing for Moore to use the roadway which had been in use for many years, but that he was not willing for him to use a 20-foot passway, and further that he had no objection to Moore building a road along the reserved right of way. However, he set up a claim to the reserved way in his amended answer and counterclaim by virtue of adverse possession for more than 15 years.

Considerable proof was advanced by both parties after the issues were joined, and the trial resulted in a judgment laying out a passway to be followed. The calls of the center line of that way are set forth in the judgment, and, as we gather from the record and the briefs, this center line follows the used passway as shown by an exhibit prepared by a surveyor (Cole) who testified for Engle. The judgment makes this further recital:

"This is the center line of the road here established and adjudged to be the road which has been and shall hereafter be the passway for the use of the lands originally divided belonging to the old Martin Engle farm, previous owner of the lands now owned by the parties here at issue."

"The said roadway is established 10 feet on

either side of said center line and all fences and obstructions if any therein shall be forthwith removed to a distance of ten feet on either side of said line.''

This passway appears to be fenced only on one side; and, in so far as obstructions are concerned, we find a reply filed by Moore to Engle's amended answer and counterclaim, and to which no response was filed, which sets forth that:

''For many years the parties interested in the said lots of land have adopted and used the road as shown on the map filed by Claude Cole as the present location of said road. The plaintiff does not insist that any new location be established through the lands of defendant and here now consents and agrees that the location shown by the said Claude Cole with a strip twenty feet in width be the road to be established by judgment in this action.

''It appears that the defendant has removed, since the institution of this action, his fencing so that there is now no obstruction to the said road twenty feet in width running along, in great portion of the distance, by the side of the defendant's fence. He here consents that strip twenty feet in width along by said fence the said road be established.''

This reply indicates that Moore did not insist upon the location of a new roadway, but agreed to the used way, as shown on Cole's exhibit, provided it was laid out 20 feet in width, and further, that during the progress of the trial Engle had moved the obstructions toward which Moore had directed complaint. Moore also indicated a willingness for the passway to run along Engle's fence.

Counsel for Engle insist that the judgment lays out a third passway, but we do not so interpret it. Cole's exhibit is not in the record, but we have examined his testimony carefully and we are convinced that the judgment lays out a 20-foot passway along the used way, the center line of which is the center line of the old way. Engle seems to have accomplished all of his purposes, except that of holding Moore to the width of the roadway as used rather than to a 20-foot strip. We are not convinced from our examination of the record that the judgment should be disturbed. It is our rule that, where

we have no more than a doubt as to the correctness of the chancellor's ruling, we will not disturb it. Blankenship v. Green, 283 Ky. 700, 143 S. W. (2d) 294; Green v. Bryant, 287 Ky. 831, 155 S. W. (2d) 465, and Blackburn et al. v. May, 288 Ky. 110, 155 S. W. (2d) 738.

Judgment affirmed.